The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, Arkansas 72830-3019
Dear Representative Curran:
This opinion is being issued in response to your recent questions regarding the referral of certain matters to the electors of Johnson County. You have presented the following specific questions:
 (1) Is it appropriate for the quorum court to submit the question of separating the office of assessor and combining the offices of treasurer and collector as a single issue or should proposals be submitted as two or more issues?
 (2) If the proposal is submitted as a single issue or as separate issues, can officers be elected at the 1996 general election to fill the offices as reorganized at that election?
 (3) Do persons who wish to be candidates at the 1996 election to perform the duties of county assessor, county collector, and county treasurer file as candidates for the various offices as they now exist or as they would be reorganized if the reorganization is approved?
 (4) If a person files as a candidate for the office of assessor-collector as it now exists and the electors vote to establish the separate office of assessor, will the person elected to the office of assessor-collector become assessor, and if a person files as a candidate for the office of treasurer, will the person elected to the office of treasurer become treasurer-collector if the electors vote to combine the two offices?
 (5) If the proposed reorganization is submitted as two separate issues, i.e., (a) to establish a separate office of assessor, and (b) to consolidate the offices of treasurer and collector, and one issue is approved and the other is defeated, what is the effect?
RESPONSE
Question 1 — Is it appropriate for the quorum court to submit thequestion of separating the office of assessor and combining the officesof treasurer and collector as a single issue or should proposals besubmitted as two or more issues?
It is my opinion that the quorum court must submit the questions to the voters as separate issues. I have previously taken this position with regard to other matters. See Ops. Att'y Gen. Nos. 92-015 (the submission to voters of issues relating to an advertising and promotion tax) and 90-097 (the submission to voters of issues relating to the election and compensation of mayor and city directors).
The authority upon which the quorum court may rely for referring measures to the voters is set forth in A.C.A. § 14-14-905(f). That section provides that the procedure for such elections is to be that which is required under Amendment 7 and the law that has been enacted pursuant to Amendment 7. Amendment 7, which authorizes initiatives and referendums, does not specifically address the question that you have presented. However A.C.A. § 14-14-917(d), which was enacted pursuant to Amendment 7, does do so.
Addressing the issue of ballot specifications for initiative and referendum measures, A.C.A. § 14-14-917(d) states:
 The board [the county board of election commissioners] shall cause the ballot title to be placed on the ballot to be used in the election, stating plainly and separately the title of the ordinance or measure so initiated or referred to the electors with these words:
FOR PROPOSED INITIATIVE (OR REFERRED) ORDINANCE (OR AMENDMENT)
NO. . . . . . . . . . .
AGAINST PROPOSED INITIATIVE (OR REFERRED) ORDINANCE (OR AMENDMENT)
NO. . . . . . . . . . .
 so electors may vote upon such ordinance or measure. In arranging the ballot title on the ballot, the commissioners shall place it separate and apart from the ballot titles of the state acts, constitutional amendments, and the like.
A.C.A. § 14-14-917(d) (emphasis added). See also A.C.A. §§ 7-5-208 and7-9-117.
This statutory provision indicates an intent that each measure to be voted upon be reflected separately on the ballot. Separate listings clearly would be a necessity in situations such as that which gives rise to your question, where the voters could be in favor of one proposal, but against the other. A combined listing on the ballot would not allow the voters to express fully their positions on the issues.
I therefore conclude that the proposal to separate the office of assessor-collector must appear separately on the ballot, apart from the proposal to combine the office of treasurer-collector.
Question 2 — If the proposal is submitted as a single issue or asseparate issues, can officers be elected at the 1996 general election tofill the offices as reorganized at that election?
It is my opinion that officers cannot be elected at the 1996 general election to fill the offices as reorganized at that election.
A.C.A. § 14-14-1301 provides authority for the election of county officers. It specifically provides for the election of the separate offices of assessor, collector, and treasurer "until otherwise determined by law. . . ." Johnson County has, at some time in the past, "otherwise determined by law" that elections can be held for the combined office of assessor-collector. It has not changed that determination. Moreover, Johnson County has never "otherwise determined by law" that elections can be held for the combined office of treasurer-collector. The legal determination that elections can be held for the separate office of assessor and for the combined office of treasurer-collector will not have been made at the time the candidates for such office would run and be elected at the 1996 general election. Indeed, the determination will not have been made until the results of the 1996 general election have been finalized. Because the new offices would not yet exist at the time that the candidates would be elected at the 1996 general election, the elections would not be authorized by law.
It is therefore my opinion that an election for the separate office of assessor and for the combined office of treasurer-collector will be in violation of A.C.A. § 14-14-1301 until after those offices have been officially created by the 1996 general election.
Question 3 — Do persons who wish to be candidates at the 1996 election toperform the duties of county assessor, county collector, and countytreasurer file as candidates for the various offices as they now exist oras they would be reorganized if the reorganization is approved?
It is my opinion that, for the reasons stated in response to Question 2, candidates who wish to perform the duties of county assessor, county collector, and county treasurer can only file as candidates for the various offices as they now exist, and not for the offices as they would be constituted if the reorganization is approved.
Question 4 — If a person files as a candidate for the office ofassessor-collector as it now exists and the electors vote to establishthe separate office of assessor, will the person elected to the office ofassessor-collector become assessor, and if a person files as a candidatefor the office of treasurer, will the person elected to the office oftreasurer become treasurer-collector if the electors vote to combine thetwo offices?
It is my opinion that if the electors vote to approve the reorganization (i.e., a separate office of assessor and a combined office of treasurer-collector), the candidates who are elected to fill the offices as they were previously constituted (i.e., the combined office of assessor-collector and the separate office of treasurer) will not be entitled to fill the newly-constituted offices. That is, the candidate who is elected to the combined office of assessor-collector will not automatically be entitled to fill the separate office of assessor, and the candidate who is elected to the separate office of treasurer will not automatically be entitled to fill the combined office of treasurer-collector.
The candidates who are elected to the combined office of assessor-collector and to the separate office of treasurer at the 1996 general election will not have been elected to the separate office of assessor or to the combined office of treasurer-collector, because (as explained in response to Question 2) the separate office of assessor and the combined office of treasurer-collector will not yet exist at the time of the 1996 general election. Those offices will not exist until after the results of the 1996 general election are finalized and placed into effect. The newly constituted offices can only be filled after they are created and come into existence. Because no candidates for the offices will have been elected at the time these offices come into existence, vacancies will exist in the new offices at that time. A.C.A. §14-14-1308(13) states:
 A county . . . office shall be considered vacant if any one (1) of the following conditions exists:
* * *
 (13) The quorum court separates elective offices as provided by law. . . .
A.C.A. § 14-14-1308(13).
In addition, it has long been established in Arkansas that a newly-created office is ipso facto vacant at its creation. See Smith v.Askew, 48 Ark. 82, 2 S.W. 349 (1886); Ops. Att'y Gen. Nos. 86-572 and 90-010.)
Vacancies in elected county offices must be filled by the quorum court in accordance with Amendment 55, § 4 of the Arkansas Constitution, A.C.A. §14-14-1310, and A.C.A. § 14-14-801(b)(8).
Moreover, to allow the candidates who were elected to the old offices to automatically fill the newly constituted offices would not accurately reflect the will of the electorate. Indeed, it would actually conflict with the electorate's expressed will, by allowing one person to take over the duties that the electorate gave to another person (i.e., the duties of collector).
In electing the candidate for assessor-collector, the electorate expressed its desire that a particular individual perform the combined duties of assessor-collector, not the separate duties of assessor. Likewise, in electing the candidate for treasurer, the electorate expressed its desire that a particular individual perform the separate duties of treasurer, not the combined duties of treasurer-collector.
For these reasons, I conclude that the candidates who are elected to the offices as they are now constituted cannot automatically fill the offices as they may be re-constituted after the 1996 general election.
Question 5 — If the proposed reorganization is submitted as two separateissues, i.e., (a) to establish a separate office of assessor, and (b) toconsolidate the offices of treasurer and collector, and one issue isapproved and the other is defeated, what is the effect?
The answer to this question will depend upon which of the proposals is defeated and which is approved.
If the proposal for a separate office of assessor is approved and the proposal for a combined office of treasurer-collector is defeated, it can be concluded that the electors have expressed a desire to have a separate office of assessor, and to continue to have a separate office of treasurer. It can therefore be concluded that the electors have expressed a desire that the offices of assessor, treasurer, and collector all be separate offices.
If, on the other hand, the outcome is reversed, and the proposal for a separate office of assessor is defeated, but the proposal for a combined office of treasurer-collector is approved, it is my opinion that the election approving the combined office of treasurer-collector would be of no legal effect.
This conclusion is based upon the fact that the practical result of that scenario would be that Johnson County would, in effect, have approved a situation in which two different officers would share the duties of collector. Such a situation is contrary to state law, which appears to contemplate only one person executing the duties of collector.[1]
Counties may not enact laws that are contrary to state law. Ark. Const., Am. 7; A.C.A. § 14-14-805(13). Under the provisions of Amendment 7 to the Arkansas Constitution, any measure contrary to state law that is passed by a county is deemed to be repealed by the conflicting state law.
I therefore must conclude that the approval of a combined office of treasurer-collector under circumstances in which the office of assessor-collector still exists would constitute the passage by the county of a measure that is contrary to state law, and would therefore be deemed immediately repealed.
The practical result in that situation would be that Johnson County would continue to have a combined office of assessor-collector, and would continue to have a separate office of treasurer.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Although state law authorizes counties to "separate" county offices (see ARK. CONST., Am. 55 and A.C.A. § 14-14-801(b)(5)), a practical interpretation of this authority would be that counties are authorized to separate offices that are combined under state law, such as the offices of sheriff-collector (see Ark. Const., art. 7, § 46; A.C.A. §14-14-1301(a)(5)(A); and A.C.A. § 14-14-502(a)(2)(A)(ii)), rather than that counties are authorized to separate the duties of one office among multiple office-holders. This conclusion can be drawn from the language of A.C.A. § 14-14-1301(a)(5)(B), which states: "A separate collector of taxes may be elected as provided by law." (Emphasis added.) See also
A.C.A. § 14-14-603(b)(2), which refers to "one" collector of taxes.